UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AGM-NEVADA, LLC, a Nevada
Limited Liability Corporation,

       Plaintiff,

  v.                                                  No.1:10-cv-01045-MV-RHS

JOHN M. STEIGELMAN; PERFORMANCE
AUTOMOTIVE GROUP, INC; a New Mexico
Corporation; TOP PERFORMANCE, LLC, a
New Mexico Limited Liability Company;
HIGH DESERT AUTOMOTIVE OF SANTA
FE, INC., a New Mexico Corporation; HIGH
DESERT OF SATURN-SANTA FE, INC.; a
New Mexico Corporation; JBIRD
AUTOMOTIVE, INC., a New Mexico
Corporation; BASIN MOTOR COMPANY, a
New Mexico Corporation; and BASIN
ACQUISITION CORPORATION, a New
Mexico Corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**This matter** comes before the Court on Plaintiff AGM-Nevada, LLC's *Motion for Partial Judgment on the Pleadings Against Performance Automotive Group. Inc.; Top Performance, LLC; High Desert Automotive of Santa Fe, Inc.; Basin Motor Company, and Basin Acquisition Corporation.* (Doc. 40). Plaintiff contends that admissions made by five of the Corporate Defendants in their Answer to the Original Complaint are sufficient to establish that no material issue of fact remains to be resolved in this case, and that Plaintiff is therefore entitled to judgment against those five Defendants as a matter of law. The Court, having considered the motion, briefs, and relevant law, and being otherwise fully informed, finds that Plaintiff's motion should be **DENIED.**

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The general factual allegations in this case were fully detailed by the Court in its Memorandum Opinion and Order on Co-Defendant John M. Steigelman's *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 63). The additional background information necessary to resolve this motion is as follows:

On November 4, 2010, Plaintiff filed its Original Complaint against Steigelman and the seven Corporate Defendants, all of which are allegedly wholly owned by Steigelman. Plaintiff's Complaint sought, *inter alia*, $111,192.48 in compensatory damages for past due amounts allegedly owed by the Corporate Defendants under a series of contracts, or advertising agreements, between the parties.[1] The Complaint did not specify the number of contracts at issue, the parties to each contract, or any contract's terms, and none of the contracts were attached to the Complaint.

On December 10, 2010, five of the seven Corporate Defendants – Performance Automotive Group. Inc.; Top Performance, LLC; High Desert Automotive of Santa Fe, Inc.; Basin Motor Company, and Basin Acquisition Corporation – filed an Answer to the Original Complaint.[2] The instant motion is based entirely on two admissions contained therein. First, in response to Plaintiff's allegation that Steigelman, as principal of each of the Corporate

---

[1] Plaintiff amended its Complaint on March 29, 2011. (Doc. 33).

[2] Individual Defendant Steigelman was not a party to the Answer; rather, he filed a motion to dismiss Plaintiff's First Amended Complaint on March 30, 2011, which the Court resolved by dismissing all claims against Steigelman without prejudice pursuant to the Court's Memorandum Opinion and Order (Doc. 63), issued concurrently herewith. The two remaining Corporate Defendants – High Desert of Saturn-Santa Fe, Inc. and JBird Automotive, Inc. – have yet to file an Answer to either of Plaintiff's Complaints and are not named in the instant motion for partial judgment on the pleadings.

Defendants, entered into "a number of Advertising Agreements" with Plaintiff between March 2009 and June 2010, "whereby Plaintiff ran advertisements on its radio stations promoting Defendants' businesses . . . in exchange for payment for its services," (Doc. 1 Cplt. ¶ 23), the Answer stated:

> Defendant Top Performance, Inc. admits that, as a separate and distinct legal entity, it did contract for advertising services from Plaintiff between March 2009 and June 2010 as Plaintiff alleges in paragraph 23.  Absent strict proof that any of the other named Defendants entered into [a] separate agreement with Plaintiff or guaranteed the obligations of the Defendant Top Performance, Inc., the allegations are denied.

(Doc. 16 ¶ 15).  Second, the five Corporate Defendants admitted "that the [Corporate] Defendants have not paid the sums which Plaintiff claims to be the total past due and outstanding amounts owed to Plaintiff." *Id.* ¶ 18.

On May 6, 2011, Plaintiff filed the instant motion, contending that these two admissions establish the necessary facts to allow the Court to issue a judgment in its favor in the amount of $111,192.48 – the past due amount allegedly owed by the Corporate Defendants pursuant to their advertising agreements with Plaintiff.

**LEGAL STANDARD**

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion provides a mechanism by which a court may dispose of a case when the material facts are not in dispute between the parties.  "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of*

*Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006)(quotation and marks omitted).

"Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000)(citing Fed. R. Civ. P. 12(c)). A motion brought under Rule 12(c) is generally governed by the same standards as a motion to dismiss brought under Rule 12(b)(6). *See id.* at 304 (citing *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)).

A court considering a motion for judgment on the pleadings should "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d at 1244. The court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party. *See Ramirez*, 192 F.R.D. at 304. Consequently, all of the nonmoving parties' allegations are deemed true, and all of the movants' allegations to the contrary are taken as false. *See Nat'l Metro. Bank v. United States*, 323 U.S. 454, 456-57, 65 S. Ct. 354, 89 L. Ed. 383 (1945); *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

## ANALYSIS

As an initial matter, the Court notes that the five Corporate Defendants named in Plaintiff's motion for partial judgment on the pleadings have not filed any response to the motion. Rather, individual Defendant Steigelman, who is not named in the motion, has filed a

brief on their behalf.[3] (Doc. 46). Because Plaintiff's motion clearly fails on its own merits, the Court need not consider whether it may rely on arguments raised by Steigelman, a non-party to the motion, on behalf of the Corporate Defendants – where the former and the latter are separate entities assisted by different counsel. *See J & J Sports Prods. v. Magat*, 2011 U.S. Dist. LEXIS 75458, at *1 (N.D. Cal., July 13, 2011) (finding that "[o]nly defendant or his attorney of record . . . may speak or make filings on his behalf," as there is no way for a court to determine whether a "brief supposedly filed on defendant's behalf truly was authorized by him.").

Indeed, Plaintiff's motion is not well taken. In support of judgment on the pleadings against the named Corporate Defendants, Plaintiff proffers (1) the lone admission of a single Corporate Defendant that it was in privity of contract with Plaintiff during the relevant time period and (2) all five Corporate Defendants' admission that they have not paid Plaintiff a particular sum that Plaintiff claims is the total amount it is owed under multiple, unspecified contracts. Plaintiff suggests that these two statements combine to establish that the named Defendants are collectively liable for Plaintiff's requested amount. It appears not to signify to Plaintiff that none of the Corporate Defendants -- including the only one to admit to entering into a contract with Plaintiff, Top Performance, Inc.– has admitted that it breached an agreement with Plaintiff or that it owes a*ny* outstanding balance to Plaintiff pursuant to any agreement. *See* Doc. 16 Answer ¶ 17 (admitting that "Plaintiff has been paid for advertising services provided

---

[3]Lack of clarity in the briefing is not a problem unique to Defendants. As noted, *supra,* at n.2, Plaintiff's motion indicates that it seeks a judgment on the pleadings against only five out of the seven Corporate Defendants, i.e., the five Corporate Defendants who submitted an Answer to the Original Complaint. However, Plaintiff's reply brief "respectfully requests a judgment in its favor against *all* Corporate Defendants, and certainly against Defendant Top Performance." (Doc. 48 at 3) (emphasis added).

between March 2009 and June 2010.  Without sufficient information and knowledge to admit or deny whether an outstanding balance may continue to exist.").

A defendant's mere admission that it contracted with a plaintiff is not sufficient to establish that no material facts are in dispute as to whether that contract was breached.  Indeed, the five Corporate Defendants who submitted an Answer in this case denied every element of the three counts asserted in the Original Complaint (for breach of agreement, open account, and quantum meruit).  *See* Doc. 16 ¶¶ 23-30.  Accordingly, the Court finds that Plaintiff is not entitled to a partial judgment on the pleadings against the five Corporate Defendants identified in its motion.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Partial Judgment on the Pleadings Against Performance Automotive Group. Inc.; Top Performance, LLC; High Desert Automotive of Santa Fe, Inc.; Basin Motor Company, and Basin Acquisition Corporation.* (Doc. 40) is **DENIED**.

**DATED** this 31st  day of January, 2012.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
S. Charles Archuleta
Eduardo A. Provencio
Neil R. Bell

Attorneys for Defendants:
Brian P. Briones
Dylan O'Reilly
William T. Denning